Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| JEFFREY WHALEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| STATE OF ALASKA, Dept. Of Public Safety, and SAFARILAND, LLC, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) Case No. 4FA-20-02322CI |

## AMENDED COMPLAINT

COMES NOW the plaintiff, JEFFREY WHALEY, by and through his attorneys, Barber & Associates, LLC, and for his complaint against defendants STATE OF ALASKA, DEPARTMENT OF PUBLIC SAFETY, and SAFARILAND, LLC , does state and allege as follows:

1. At all times material hereto, plaintiff was and is a resident of Fairbanks, Alaska or Vernal, Utah.

4430 /01 Amended Complaint
Whaley v. State of Alaska, Dept. Of Public Safety et al.
Page 1

Exhibit A - Page 1 of 7
Case 4:21-cv-00006-JWS   Document 1-1   Filed 04/12/21   Page 1 of 7

2. At all times material hereto, defendant State of Alaska, Department of Public Safety (hereinafter "State") was and is the State of Alaska and subject to the jurisdiction of the Fourth Judicial District, Alaska.

3. At all times material hereto, Safariland, LLC was and is a Delaware limited liability company designing, manufacturing and marketing products sold in the Fourth Judicial District.

4. The State and Safariland, LLC are liable for the actions and/or failure to act of their employees and/or agents under theories of vicarious liability and/or respondeat superior and/or agency.

5. Defense Technology merged with Safariland in 2009 and no longer exists as a separate entity.

6. Safariland, LLC did business as Defense Technology.

7. On or about 10/10/18, State Troopers responded to a call where the plaintiff was seen slumped over in his vehicle outside a convenience store located between Fairbanks, Alaska and North Pole, Alaska in the Fourth Judicial District.

8. The plaintiff had been previously incarcerated for a number of years and experienced post-traumatic stress.

9. The plaintiff had been sleeping.

10. The Troopers surrounded the plaintiff's vehicle.

11. The Troopers shouted at the plaintiff.

4430 /01 Amended Complaint
Whaley v. State of Alaska, Dept. Of Public Safety et al.
Page 2

Exhibit A - Page 2 of 7
Case 4:21-cv-00006-JWS   Document 1-1   Filed 04/12/21   Page 2 of 7

12. The Troopers used a bullhorn.

13. The plaintiff was disoriented and frightened by the Troopers.

14. The Troopers unreasonably escalated the confrontation.

15. One of the Troopers threw a Stinger Grenade inside the plaintiff's vehicle while the plaintiff was inside.

16. The Stinger Grenade lit the plaintiff on fire.

17. The plaintiff suffered serious burn injuries.

18. Safariland, LLC designed, manufactured, marketed, supplied and/or sold the Stinger Grenade which caught the plaintiff on fire.

19. The Stinger Grenade was not supposed to ignite people on fire.

20. Safariland, LLC failed to adequately warn about risks of the Stinger Grenade lighting people on fire.

21. The Stinger Grenade had a manufacturing defect and/or design defect which made the product unreasonably dangerous, and this condition existed at the time the product left Safariland's control, which was a substantial factor in causing harm to the plaintiff for which Safariland, LLC is liable.

22. The Stinger Grenade was dangerous to an extent beyond that which would be contemplated by an ordinary consumer with the ordinary knowledge common to the community as to its characteristics.

23. The danger inherent in the design of the Stinger Grenade outweighed

4430 /01 Amended Complaint
Whaley v. State of Alaska, Dept. Of Public Safety et al.
Page 3

Exhibit A - Page 3 of 7
Case 4:21-cv-00006-JWS   Document 1-1   Filed 04/12/21   Page 3 of 7

the benefits of such design.

24. Safariland, LLC placed the Stinger grenade on the market knowing it would be used without inspection for defects.

25. The Stinger grenade failed to perform as safely as an ordinary consumer would expect when used in a reasonably foreseeable manner which was a proximate cause of the harm suffered by the plaintiff.

26. Safariland, LLC sold defective products which was a substantial factor in causing harm to the plaintiff for which Safariland, LLC is strictly liable.

27. Safariland's negligence and/or gross negligence and/or recklessness was a substantial factor in causing harm to the plaintiff for which Safariland, LLC is liable.

28. Safariland, LLC did not disclose an unreasonably dangerous condition or instruction on the proper use of the product which the average consumer would not be aware which was a substantial factor in causing harm to the plaintiff for which Safariland, LLC is liable.

29. Safariland, LLC is liable for failure to warn which was a substantial factor in causing harm to the plaintiff.

30. Safariland, LLC knew or should have known that its products were unreasonably dangerous.

31. Safariland, LLC' intentional conduct was a substantial factor in

4430 /01 Amended Complaint
Whaley v. State of Alaska, Dept. Of Public Safety et al.
Page 4

Exhibit A - Page 4 of 7
Case 4:21-cv-00006-JWS   Document 1-1   Filed 04/12/21   Page 4 of 7

causing harm to the plaintiff.

32. Safariland, LLC is liable for breach of the implied warranty of merchantability and the warranty of fitness for intended purpose.

33. Safariland, LLC is liable for negligent hiring and/or supervision and/or training and/or retention.

34. Safariland, LLC's false and/or misleading marketing and/or labeling of their products was deceptive and/or negligent and/or intentional misrepresentation and/or fraud in violation of the Unfair Trade Practices Act (UTPA). AS 45.50.471.

35. Safariland, LLC's violation of the UTPA was a substantial factor in causing harm to the plaintiff for which the defendants is liable.

36. The Troopers knew or should have known that yelling at a startled man who had been sleeping in a car was an unreasonable escalation of force likely to lead further escalation and injury.

37. The Troopers knew or should have known at some point during the confrontation that the plaintiff was having mental difficulty processing the circumstances.

38. The Troopers knew or should have known that throwing a Stinger grenade toward a man inside a vehicle was likely to cause unreasonable harm.

39. The Troopers' negligence and/or gross negligence and/or

4430 /01 Amended Complaint
Whaley v. State of Alaska, Dept. Of Public Safety et al.
Page 5

Exhibit A - Page 5 of 7
Case 4:21-cv-00006-JWS   Document 1-1   Filed 04/12/21   Page 5 of 7

recklessness and/or malicious conduct in escalating the confrontation and/or throwing a Stinger grenade inside the plaintiff's vehicle in the Fourth Judicial District was a substantial factor in causing harm to the plaintiff for which the State is liable.

40. The Troopers failed to reasonably identify the distressed mental state of the plaintiff which was a substantial factor in causing harm to him for which the State is liable.

41. The State is liable for negligent training and/or supervision and/or retention which was a substantial factor in causing harm to the plaintiff.

42. The defendants are liable for past and/or future: medical expense, pain, suffering, disability, loss of earnings, loss of capacity for enjoyment of life, inconvenience, physical impairment, loss of non-market household services, disfigurement and other non-pecuniary damages to be more fully set forth at trial, all in an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

43. Safariland, LLC is liable for punitive and/or exemplary damages for conduct evidencing reckless disregard to the interests of others and/or outrageous conduct.

44. The defendants are liable for full reasonable attorney fees. AS 09.60.070.

4430 /01 Amended Complaint
Whaley v. State of Alaska, Dept. Of Public Safety et al.
Page 6

Exhibit A - Page 6 of 7
Case 4:21-cv-00006-JWS   Document 1-1   Filed 04/12/21   Page 6 of 7

45. Safariland, LLC is liable for triple damages and full reasonable attorney fees for violation of the UTPA.

WHEREFORE, having fully pled plaintiff's complaint, the plaintiff requests a judgment against the defendants for an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 11th day of November, 2020.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: /s/ Jeff Barber
    JEFF BARBER
    AK Bar #0111058

4430 /01 Amended Complaint
Whaley v. State of Alaska, Dept. Of Public Safety et al.
Page 7

Exhibit A - Page 7 of 7
Case 4:21-cv-00006-JWS   Document 1-1   Filed 04/12/21   Page 7 of 7